

**DOC #**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VITO GAMBINO, on behalf of himself and all
others similarly situated,

               Plaintiffs,

v.

HARVARD PROTECTION SERVICES LLC,

               Defendants.

---

**COMPLAINT**

Index No.:

**JURY TRIAL DEMANDED**

---

Plaintiff, on behalf of themselves and all others similarly situated, by and through their attorneys VALLI KANE & VAGNINI, LLP, brings this action for damages and other legal and equitable relief from the Defendants' violation of the laws relating to the denial of overtime pay, stating the following as Plaintiff's claims against Harvard Protection Services LLC ("Harvard" or "Defendant"):

## INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff amounting to wage and hour violations, as well as collective and class claims of violations of Federal and State wage and hour laws.

2. Plaintiff also brings this action on his own behalf and those similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") and N.Y. Lab. Law §§ 190 et seq. & §§ 650 et seq. ("NYLL").

3. The Defendant committed violations of these statutes by engaging in a systematic scheme of failing to compensate Plaintiff and similarly situated employees for all hours worked as well as their statutorily required overtime pay.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

5.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in the State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

7.  Plaintiff, Vito Gambino ("Gambino" or "Plaintiff"), is a citizen of New York and resides in Kings County, New York.

8.  Upon information and belief, Defendant Harvard Protection Services Inc. is a corporation, organized under the laws of the State of New York and has a principle place of business within New York County, New York.

## COLLECTIVE ACTION ALLEGATIONS

9.  Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendant who worked as
> security guards, fire safety directors, concierges or similar
> positions who give consent to file a cause of action to recover
> overtime compensation which is legally due them for the time
> worked in excess of 40 hours in a given work week and who are
> not compensated for all hours worked ("FLSA Plaintiffs").

10. Plaintiff is similarly situated to all such individuals because while employed by
Defendant they and all FLSA Plaintiffs performed similar tasks, were subject to the same
laws and regulations, were paid in the same or similar manner, were paid the same or
similar rate, were required to work in excess of forty hours per work-week, and were not
paid the required 1.5 times their respective regular rates of pay for overtime worked.
Additionally, Plaintiff and all FLSA Plaintiffs were required to travel to various sites
throughout the city without being compensated for the time period of travel as is required
under the FLSA.

11. Defendant treated all FLSA Plaintiffs similarly in requiring them to work in excess of
forty hours per workweek without overtime compensation and not compensating them for
travel time while on the job. Plaintiff and FLSA Plaintiffs work and/or worked for
Defendant in various locations where they were supervised by Defendant, they were
compensated by Defendant, they were hired and fired by Defendant and each term and
condition of their employment was affected by Defendant in whatever way that saw fit.
They were regularly scheduled in excess of forty hours per work week, yet Defendant did
not pay them the statutorily required overtime compensation. Additionally, they were
required to travel while on the job but were not compensated for this travel time.

12. Defendant is and has been aware of the requirement to pay Plaintiff and FLSA Plaintiffs
for overtime work and for the period of time which they are legally working, yet
purposefully chose not to provide overtime compensation.

## RULE 23 CLASS ALLEGATIONS

13. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R.
Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated and are

also FLSA Plaintiffs, who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law.

14. Under F.R.C.P. 23(b)(3) Plaintiff must plead that the class:

    a.  Is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class which predominate any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  The representative will fairly and adequately protect the class; and,

    e.  A class action is superior to other methods of adjudication.

15. The Class which Plaintiffs seek to define includes:

> All persons employed by Defendants as security guards, fire safety directors, concierges or similar positions during the statutory period within the State of New York who worked in excess of 40 hours per week and were not compensated with overtime pay and who were required to travel while on the job and not compensated for their travel time ("Class Plaintiffs").

### Numerosity

16. Harvard's employees are employed at least fifty separate sites in the New York metropolitan area. Upon information and belief, to staff fifty separate sites in the New York Metropolitan area the number of employees would need to be numerous and would satisfy the numerosity requirement.

### Common Questions of Law and/or Fact

17. There are questions of law/fact that govern over the claims which are available to each and every Class Plaintiff, including but not limited to the following:

    a.  Whether Class Plaintiffs were compensated for overtime pay pursuant to Defendant's policies;

4

b. Whether Defendant failed to properly compensate Class Plaintiffs for the hours worked in excess of forty hours;

c. Whether Class Plaintiffs were compensated for the time which they spent traveling between sites while on the job;

d. Whether Defendants kept accurate records of hours worked by Class Plaintiffs; and,

e. Whether Defendants have any affirmative defenses for any of these claims.

## Typicality of Claims and/or Defenses

18. Plaintiff was employed by Defendant in the same capacity as all of Defendant's employees aside from Management. All of Defendant's employees were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of Defendant's employees.

19. This treatment included, but is not limited to, failure to pay employees the proper overtime wages and failure to compensate employees for time which they are required to under the law.

## Adequacy

20. The representative party is no longer employed by Defendant. He has kept substantial records from his time working for Defendant and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein. Additionally, Plaintiff's attorney has substantial experience in this field of law.

## Superiority

21. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would risk

5

inconsistent results. Plaintiff has no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiff was treated identically to other employees.

22. Indeed, because Plaintiff is no longer employed by Defendant they will be able to further represent Class Plaintiffs by acting without fear of retaliation and harassment. Thus, this means of protecting all of Class Plaintiffs' rights is superior to any other method.

23. As and for the Collective Action claims brought pursuant to 29 U.S.C.S. § 216(b), Plaintiff asserts that he was treated in a similar or identical fashion to those individuals currently and formerly employed by Defendant.

## FACTS

24. Mr. Gambino was employed by Harvard as a Fire Safety Director, Security Guard and Concierge at several of Harvard's locations throughout New York City.

25. Mr. Gambino was employed in similar circumstances to the many other Fire Safety Directors, Security Guards and Concierges Harvard employs. His duties were the same and he was compensated in an identical manner.

26. Mr. Gambino did not supervise anyone and did not have any discretion in his job. Rather, he was told where to go, when to go and how to go to each location and then was told what to do when he arrived.

27. While Mr. Gambino reported directly to Harvard Protection, there are several other divisions and/or subsidiaries of Harvard which employ individuals similarly situated to Mr. Gambino. However, all these divisions or subsidiaries are operated under the Harvard umbrella and are, in reality, a single entity.

## Overtime and Wage Violations

28. Mr. Gambino is required to move between different sites within New York City, as required by Harvard's clients. This travel time is not a commute and is part of his duties.

Rather than compensate Mr. Gambino for this required travel, he is told to drive to the other sites while he is taking lunch.

29. Thus, for a large period of time each day, Mr. Gambino is required to be in transit to a specific area, yet he was not compensated for this time.

30. Upon information and belief, Harvard does not treat Mr. Gambino differently from their other employees and other employees are required to do the same.

31. This transit time is not part of his daily commute and, in reality, he is working for Harvard while he traverses the City from site to site.

32. Additionally, while Mr. Gambino is often required to work far in excess of forty hours during a work-week, he is not really compensated for his overtime. Rather, in a scheme to not pay Mr. Gambino overtime. Harvard simply changes his hourly rate for any hours over forty to two-thirds of his normal hourly rate.

33. Thus, while his pay checks state that he is compensated for overtime, in reality he is only receiving the same rate as the first forty hours work.

34. Upon information and belief this scheme of withholding overtime pay is used throughout Harvard for all of their employees in similar or identical positions to Mr. Gambino.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS

### For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

35. Plaintiff and all other FLSA Plaintiffs employed by Harvard were required to work in excess of forty hours a week without being compensated the statutorily required time and a half pay. This violation was willful. This practice is in violation of the Fair Labor Standards Act.

36. Plaintiff and all other FLSA Plaintiffs employed by Harvard were required to travel between sites without being compensated in any way. Time spent traveling between worksites is compensable time under the FLSA. This violation was willful. This practice is in violation of the Fair Labor Standards Act, 29 C.F.R. § 785.38.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For violation of N.Y. Lab. Law §§ 190 *et seq.* & §§ 650 *et seq.*

37. Plaintiff and all other Class Plaintiffs employed by Harvard were required to work in excess of forty hours a week without being compensated the statutorily required time and a half pay. This violation was willful. This practice is in violation of 12 NYCRR § 142-2.2

38. Further, Plaintiffs were required to travel as part of their duties and were not compensated at a minimum wage for that travel time. This violation was willful. This practice is in violation of 12 NYCRR § 142-2.1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Classes demand judgment against Defendant as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and N.Y. Lab. Law §§ 190 *et seq.* & §§ 650 *et seq.*

4. All damages which Plaintiff and the Classes have sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

5. To the extent they are available, an award to the Plaintiff and the Classes of compensatory damages, including but not limited to damages for emotional pain and suffering;

6. An award to the Plaintiff and Classes of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

7. An award to the Plaintiff and Classes for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

8. Liquidated damages as permitted by the FLSA;

9. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

10. Pre-judgment and post-judgment interest, as provided by law; and

11. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Respectfully submitted,

**VALLI KANE & VAGNINI, LLP**
*Attorneys for Plaintiffs*
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180

By:_____
James Vagnini (JV-2163)
Sara Kane (SK-6390)

9