UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

VITO GAMBINO, on behalf of himself and
all others similarly situated,

                Plaintiffs,

-against-

HARVARD PROTECTION SERVICES LLC,

                Defendant.

----------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 11, 2011
```

10 Civ. 0983 (PAC)

MEMORANDUM AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Vito Gambino brings this action, pursuant to the Fair Labor Standards Act and New York Labor Law, alleging that his employer, Harvard Protection Services, LLC, violated the federal and state wage and hour law by not paying for overtime work at the appropriate rate, and for failing to pay for travel time between various work sites. Plaintiff now moves for certification of this lawsuit as a collective action.

Section 16(b) of the Fair Labor Standards Act provides:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and any other employees similarly situated. 29 U.S.C. § 216(b).

For decades now, the courts have permitted appropriate notice to be sent to potential opt-in plaintiffs (i.e., "other employees similarly situated") so that they have an "opportunity to proceed collectively." Hoffmann-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

Generally, there are two phases to the assessment of whether employees are similarly situated so that they may proceed in an opt-in collective action. The first phase is the initial or

notice or conditional phase. It is followed by a final phase, which is normally instituted by the employer's application, after discovery, seeking decertification of the collective action because the individual plaintiffs are in fact not similarly situated. In other words, the plaintiffs' claims are so dissimilar that they must be individually established.

In the initial or notice or conditional phase, plaintiffs must show that other employees, who are to opt-in as plaintiffs for the pending litigation, are similarly situated. The standard for demonstrating whether other employees are "similarly situated" is relatively modest, not demanding, and, generally speaking, lenient. (See "The Fair Labor Standards Act" Vol. II, Ch. 19, pg. 19-18 to 19-23, BNA 2010).

Mr. Gambino works for Harvard as a Security Guard and Fire Safety Director. Harvard, in turn, contracts with various commercial buildings to provide security and fire safety services. Each of these contracts is separate and the contracts provide for different payments for services rendered. Because Harvard charges a different amount per building (or, more accurately, cannot negotiate a similar payment amount from each building under contract), its wage rates vary from building to building.

Mr. Gambino is a hard worker, who consistently asked for and received overtime work. The overtime work he received was in a second building different from the building in which he worked his first eight hours. While Mr. Gambino alleges in his complaint that he was not paid overtime, his true complaint is that the overtime was calculated based on the pay rate at the second building, which somehow always has a lower rate than the salary at the first building. For example, the salary at the first building was $12 per hour. Mr. Gambino would be paid $96 for the eight hours worked at that building. He would then report for work at the second building where the applicable rate was said to be $8 per hour, for example. His overtime rate would be

calculated at 1.5 times an $8/hour or $12 per hour, rather than 1.5 x $12/hour or $16 per hour.[1] Thus, Mr. Gambino would receive the same amount for overtime as he would for straight time.

The opt-in plaintiff, Joseph A. Roca, has signed a consent to join the collective action, dated September 1, 2010, and signed an affidavit in support of his contention that he is similarly situated. His affidavit states that he frequently worked two shifts or sixteen hours per day. "The first 40 hours were listed as one hourly rate while the second forty hours stated that I was working for two-thirds (2/3's) of the rate for the first forty hours." Thus, the second forty hours were paid at the same rate as the first forty hours. Roca also had to travel between buildings to work the two shifts and he was not paid for this travel. (Notice of Motion, October 15, 2010, Ex. 6).

Plaintiffs argue that given Mr. Gambino's assertions and the opt-in plaintiffs' affidavit, that it was Defendant's obligation to refute their allegations. Plaintiff argues that, "If there is truly evidence demonstrating that the Plaintiff and the Opt-in Roca are not similarly situated to other employees, then it should have been submitted in support of their motion . . ." While this argument is somewhat overstated, Harvard's response that Gambino's and Roca's claims are <u>sui generis</u> and that no other employees are complaining about their overtime pay, is not sufficient at the initial stage to forestall the sending of notice for a collective action.

Plaintiffs' allegations raise an inference that Harvard was gaming the system (avoiding its statutory obligation) by assigning overtime work only in buildings which paid lower wages, which happened to be two-thirds of the wages for buildings in which the straight time was worked. Certainly, the allegations of the complaint, as elaborated and clarified by Plaintiffs'

---

[1] Plaintiff states his argument in the following way: he "was paid at two rates, one for the first 40 hours and one for hours in addition to that which equaled approximately two-thirds of the first. Thus, while Plaintiff was paid time and a half for hours worked over 40, he was paid time and a half of a reduced rate so that ultimately he could be paid the same hourly rate." (Plaintiff's Reply Memorandum of Law, December 8, 2010, pg. 2-3).

3

deposition are sufficient to state a claim. Further, the affidavit of the opt-in plaintiff (Mr. Roca) suggests that other employees may be similarly situated. (Notice of Motion, October 15, 2010, Ex. 6).

The Court finds that Plaintiff has made a sufficient showing of a common policy or plan on Harvard's part, which may be violative of the Fair Labor Standards Act and New York Labor Law. Sending a collective action notice to similarly situated employees is consistent with the broad remedial purposes of the FLSA. Upon the conclusion of discovery, Defendant is free to move to decertify if it establishes that Plaintiff and opt-in plaintiffs are not similarly situated. See Troy Masson v. Ecolab, Inc., 2005 U.S. Dist. LEXIS 18022 at *38 (S.D.N.Y., August 17, 2005) (authorizing a collective action involving thousands of employees, based on the claim of a single plaintiff and two opt-in plaintiffs, but reserving the Court's right—indeed obligation—to decertify if plaintiff-employees are not similarly situated). Needless to say, there should be no threats of reprisal, violence or retaliation against the plaintiff, the opt-in plaintiff, or any other employees who choose to opt in.

Accordingly, the Court grants Plaintiffs' motion to certify this matter as a collective action. Defendant is directed to produce, in a computer readable format, the names and last known mailing addresses, and alternate addresses, telephone numbers, last known email addresses, and dates of employment for all Defendant's employees in the Security Guard and Fire Safety Director position during the period from February 8, 2007 until present. Within 21 days from the date of this Order, Plaintiff is authorized to send a Notice of the Action, along with an opt-in form, to any of Harvard's current or former employees in the Security Guard and Fire Safety Director positions during the period from February 8, 2007 until present.

4

Notice need not be posted at each place or building where Harvard has a contract to provide protection and fire services. Notice must be posted, however, at Harvard's chief place of business. The parties should meet and confer concerning the language of the Notice. If they are unable to agree, the Court authorizes Plaintiff to use the Form Notice attached to this Order as Exhibit A.

Dated: New York, New York
January 11, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Exhibit A

[To be printed on Plaintiff's lawyer's letterhead]

NOTICE OF LAWSUIT

1. Introduction to the Case

This notice is to inform you of a lawsuit pending against Harvard Protective Services LLC ("Harvard") in United States District Court (Southern District of New York). This lawsuit claims that Harvard violated the Fair Labor Standards Act and New York Labor Law by failing to pay all eligible employees overtime at one-and-a-half times their regular pay rate for those hours worked in excess of 40 hours per week. The lawsuit also claims that employees were not paid for travel time between work sites. The lawsuit claims that Harvard must award back pay and liquidated damages, as well as costs and attorneys' fees to such employees.

If you worked for Harvard at any time during the period from February 8, 2007 to present as Security Guard and Fire Safety Director, and were not paid time and one-half for any work performed in excess of 40 hours per week, or were not paid for travel time between work sites, you may be eligible to join the lawsuit.

2. To Join the Case and Be Represented by Plaintiff's Counsel

If you fit the definition above, you may join this case (that is, you may "opt in") by completing and mailing the attached "Consent to Sue" form to the plaintiff's lawyer no later than 60 days after the date of this notice at the following address:

    Robert Valli, Esq. or Jesse Rose, Esq.
    Valli Kane & Vagnini, LLP
    600 Old Country Road
    Suite 519
    Garden City, New York  11530

The lawyer's toll free phone number is 1-866-441-2873. You may call that number if you wish to have further information about the case. If you fail to return the "Consent to Sue" form to the plaintiff's lawyer in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

If you choose to join in this case, you will be bound by the judgment, whether it is favorable or unfavorable.

Valli Kane & Vagnini, LLP are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, plaintiff's attorney will receive either a fee from the defendant or a part of any settlement obtained or money judgment entered in favor of the plaintiff and others who opt in. If you sign and return the "Consent to Sue" form attached to this Notice, you are agreeing to permit the attorney to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any fee agreement entered into by plaintiffs with counsel, and to determine the adequacy of the plaintiffs' counsel.

3. To Join the Suit, But Not Be Represented by the Plaintiffs

You can join this lawsuit by representing yourself or by counsel of your own choosing. To do so, you or your attorney must file the appropriate documents with the Court. The address of the Court is: United States District Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

2

4. To Stay Out of the Lawsuit

If you do not wish to be part of the lawsuit, you need not do anything. If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the result, whether favorable or unfavorable. Your decision not to join this lawsuit will not affect your right to bring a similar case on your own in the future. However, claims under the Fair Labor Standards Act must be brought within two years, unless the employer's violation of the law was "willful," in which case the claims must be brought within three years of the alleged violation.

5. No Retaliation Permitted

The defendant is prohibited by law from taking any retaliatory action against any person, including a current employee, who joins this lawsuit.

The defendant has denied the allegations of the lawsuit and has raised various defenses. The Court has approved the sending of this Notice, but the Court expresses no opinion on the merits of this lawsuit. A final decision on the merits of this lawsuit has not been made by the Court.

Dated:

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE.

## CONSENT TO SUE

       I represent that I worked as a Security Guard and Fire Safety Director for Harvard Protection Services LLC at some time between February 8, 2007 and the present. I worked in excess of 40 hours per week and was not properly compensated for overtime. I hereby consent to be a plaintiff in the lawsuit named <u>Vito Gambino v. Harvard Protection Services LLC</u>. I hereby consent to the prosecution of any claims that I may have under the Fair Labor Standards Act and New York Labor Law for unpaid overtime, unpaid travel time, liquidated damages, attorney's fees, costs, and other relief, against the defendant.

       I authorize Valli Kane & Vagnini, LLP, its successors and assigns, to represent me in this case.

       By signing and returning this consent to sue, I understand that I will be represented by Valli Kane & Vagnini, LLP without prepayment of attorney's fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that Valli Kane & Vagnini, LLP may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or a percentage of the total settlement or judgment amount (including fees).

Dated:                        Signature:
                               Name:
                               Address:
                               Phone:

Mail this form within 60 days of the date of the Notice of Lawsuit to:

    Valli Kane & Vagnini, LLP
    600 Old Country Road
    Suite 519
    Garden City, New York 11530